IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM PORTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:15cv790-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the court is petitioner William Porter's ("Porter") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Doc. No. 1.[1]

## I.   INTRODUCTION

Porter pleaded guilty under a plea agreement to distribution of more than 28 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The plea agreement contained an appeal/collateral-attack waiver with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct. Following a sentencing hearing on June 6, 2013, the district court sentenced Porter as a career offender to 144 months in prison. The 144-month sentence fell within the advisory guidelines range of 130–162 months' imprisonment and well below the statutory maximum of 40 years' imprisonment.

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Unless otherwise noted, pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

Porter appealed, arguing that (1) the district court erred in classifying him as a career offender under U.S.S.G. § 4B1.1 because his prior Alabama conviction for second-degree escape was not a "crime of violence" and (2) enforcement of the appeal waiver in his plea agreement would result in a "miscarriage of justice." *See* Doc. No. 11-7. On November 7, 2014, by unpublished opinion, the Eleventh Circuit dismissed Porter's appeal based on the appeal waiver in his plea agreement. *United States v. Porter,* 591 F. App'x 724 (11th Cir. 2014).

On October 27, 2015, Porter filed a counseled motion for relief under 28 U.S.C. § 2255, presenting the following claims:

1. His trial counsel rendered ineffective assistance by giving him inadequate advice about the potential application of the career offender enhancement to his sentence.

2. His trial counsel was ineffective for failing to object to application of the career offender enhancement on the ground that the residual clause of the career offender guideline is unconstitutionally vague under *Johnson v. United States*, 135 S.Ct. 2251 (2015).

Doc. No. 1 at 9–17.[2]

Over 22 months later, on September 7, 2017, Porter amended his § 2255 motion to add the following claims:

1. His trial counsel was ineffective for advising him that the appeal/collateral attack waiver in his plea agreement was only boilerplate language that would not prevent him from challenging his status as a career offender in appellate and collateral proceedings.

---

[2] Porter filed his § 2255 motion on October 27, 2015. Doc. No. 1. He filed an amended § 2255 motion the following day. Doc. No. 3. The amended § 2255 motion appears to be identical to the original § 2255 motion, and the pagination in the original and amended motions is the same. For the sake of simplicity, citations in this Recommendation are to the original § 2255 motion, Doc. No. 1.

    2.  His trial counsel was ineffective for failing to cite *Begay v. United States,* 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), in support of his argument at sentencing that the offense conduct underlying his conviction for second-degree escape involved a non-violent walk-away from a jail and did not present a serious potential risk of physical injury to another, and thus was not a crime of violence for purposes of the career offender guideline.

Doc. No. 31 at 13–26.

After considering the parties' submissions, the record, and the applicable law, the court finds that Porter's § 2255 motion should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

## II.   DISCUSSION

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.  Ineffective Assistance of Counsel

3

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to

4

whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 1. *Ground One: Counsel's Advice Regarding Career Offender Enhancement*

Porter claims that his trial counsel rendered ineffective assistance by giving him inadequate advice about the potential application of the career offender enhancement. Doc. No. 1 at 9–14; Doc. No. 17 at 5. In this regard, Porter maintains he entered his guilty plea and original plea agreement without being informed by counsel that the career offender enhancement could be applied to him. Doc. No. 1 at 11. Porter also alleges that his counsel led him to falsely believe he could avoid application of the career offender enhancement by waiving completion of a presentence investigation report ("PSI") and immediately executing a plea agreement. *Id*. Finally, Porter maintains that even after he entered an amended plea agreement, he did not understand he could be sentenced as a career offender and that this was the result of his counsel's inadequate advice. Doc. No. 17 at 5.

As for Porter's claim that his trial counsel did not inform him of the potential application of the career offender enhancement before he entered his guilty plea and original plea agreement, the record reflects that the district court rejected the original plea

5

agreement, stating at a May 22, 2013 sentencing hearing that it did not intend to be bound by the original plea agreement's terms, given Porter's extensive criminal history. Doc. No. 11-4 at 5. It is evident from the record that, when the district court made this statement, Porter knew of the possibility he could be sentenced as a career offender. The plea agreement originally provided for an 84-month sentence, but an addendum to the original plea agreement allowed for the possibility that Porter might be a career offender. *Id.* at 4–5. Pursuant to the addendum, if Porter was found not to be a career offender, he would be sentenced to 84 months; if he was found to be a career offender, the agreed-upon sentence would be 130 months.[3] *Id*. The district court rejected these terms, explaining that it did not intend to be bound by the 130-month upper limit. *Id*. at 5 & 8.

After informing Porter that it was rejecting the original plea agreement, the district court urged Porter to ask for a continuance so he and his counsel could discuss his options, including whether he wished to withdraw his guilty plea. Doc. No. 11-4 at 5–7. The district court informed Porter that if he did not withdraw his guilty plea, the court might dispose of his case less favorably than the original plea agreement contemplated. *Id*. at 6. Porter asked for a continuance, which the district court granted, resetting the sentencing hearing for June 6, 2013, and allowing Porter time to decide whether he wished to withdraw his guilty plea. *Id*. at 7.

The district court reconvened the sentencing hearing on June 6, 2013. *See* Doc. No. 13-3. At that hearing, Porter advised the district court that he did not wish to withdraw his

---

[3] This Recommendation treats the addendum as part of the original plea agreement, and not as part of the amended plea agreement discussed infra in this Recommendation.

6

guilty plea and that the parties has signed an amended plea agreement. Doc. No. 13-3 at 2–3. The amended plea agreement contained the same provisions as the original plea agreement except that the parties no longer agreed that either 84 or 130 months in prison was the appropriate sentence. Doc. No. 11-5. Instead, the parties agreed that the appropriate sentence was one within the applicable sentencing guidelines range as determined by the district court at sentencing. *Id*. at 3. After the district court elicited the terms of the amended plea agreement from the government at the June 6, 2013 hearing, Porter agreed that the terms as recited by the government were correct. *Id*. at 4–5. The district court then accepted the amended plea agreement. *Id*.

Here, because Porter chose not to withdraw his guilty plea after the district court rejected the original plea agreement—and after he clearly knew of the possibility he could be sentenced as a career offender and then stood by his guilty plea under the amended plea agreement—Porter can demonstrate no prejudice resulting from his trial counsel's failure to inform him of the potential application of the career offender enhancement before he entered his guilty plea and original plea agreement. The record establishes that the plea agreement under which Porter ultimately pleaded guilty—i.e., the amended plea agreement—was entered into with Porter's full knowledge that he could be sentenced as a career offender.

The same reasoning applies to Porter's claim that his trial counsel led him to falsely believe he could avoid application of the career offender enhancement by waiving completion of the PSI and immediately executing a plea agreement. Porter bases this claim on an isolated statement that his trial counsel made to the Magistrate Judge at the change

7

of plea hearing held on February 21, 2013. Porter signed his amended plea agreement on June 6, 2013. He then affirmed his guilty plea under the terms of the amended plea agreement. As indicated above, Porter was clearly aware at that time that he could be sentenced as a career offender. Therefore, Porter can demonstrate no prejudice resulting from his trial counsel's earlier alleged actions in leading him to believe he could avoid application of the career offender enhancement by waiving the PSI and immediately executing a plea agreement.

Turning to Porter's allegation that at the time of his June 6, 2013 sentencing hearing, he did not understand he could be sentenced as a career offender, it is abundantly clear from the record that Porter understood by the time of the June 6 hearing—after reaffirming his guilty plea under the terms of the amended plea agreement—that the career offender enhancement could be applied to his sentence, that his trial counsel had objected to the career offender enhancement, and that the question whether the career offender enhancement would indeed be applied to him was a matter that would be argued at the June 6 hearing.

Finally, Porter also fails to establish prejudice regarding his ineffective-assistance claim because he does not state forthrightly that he would have insisted on going to trial but for counsel's alleged deficient performance. A petitioner alleging ineffective assistance in the context of a guilty plea must establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To establish prejudice, a petitioner "must show that there is a reasonable probability that, but

8

for counsel's errors, he would . . . have pleaded [not] guilty and would . . . have insisted on going to trial." *Id*. Because Porter does not allege that, but for his counsel's advice about the potential application of the career offender enhancement, he would have pleaded not guilty and would have insisted on going to trial, he cannot prevail on this ineffective-assistance claim regardless of his counsel's allegedly deficient performance.

For the reasons set forth above, Porter is entitled to no relief on this claim of ineffective assistance by his trial counsel.

### 2.   *Ground Two: Residual Clause of Career Offender Guideline and* <u>*Johnson*</u>

Porter claims that his trial counsel was ineffective for failing to object to application of the career offender enhancement on the ground that the residual clause of the career offender guideline is unconstitutionally vague. He bases this claim on the Supreme Court's June 2015 decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015). Doc. No. 1 at 12–17. In *Johnson,* the Supreme Court held that the definition of "violent felony" under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See* 135 S. Ct. at 2557–59. In April 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1264–65 (2016). Porter argues that the holding in *Johnson* invalidates his sentence as a career offender. Doc. No. 1 at 12–17.

Porter frames this claim both in terms of ineffective assistance of counsel and as a substantive claim premised on the retroactive application of *Johnson* to cases on collateral review. *Johnson* was decided well after Porter's sentencing, and his trial counsel could not

be ineffective for failing to anticipate a change in the law by not asserting an objection based on the change later heralded by *Johnson*. *See Denson v. United States*, 804 F.3d 1339, 1344 (11th Cir. 2015). Consequently, this court finds that Porter's trial counsel was not ineffective for failing to object to application of the career offender enhancement on the ground that the residual clause of the career offender guideline is unconstitutionally vague (as the Supreme Court in *Johnson* held regarding the ACCA's residual clause). However, because *Johnson* is retroactively applicable to collateral proceedings under *Welch*, this court considers Porter's substantive claim that the holding in *Johnson* applies to invalidate his sentence as a career offender.

The career offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1–4B1.2, provides for enhanced sentences for certain defendants. Under § 4B1.1, a defendant is a career offender if (1) he was at least 18 years old when he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. 4B1.1(a). Under § 4B1.2(a) of the career offender guideline, a "crime of violence" is defined as a felony under federal or state law that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

The "presents a serious potential risk of physical injury to another" language in the career offender guideline, § 4B1.2(a)(2), is known as the "residual clause."[4]

The career offender guideline's residual clause contains language very similar to that of the ACCA's residual clause, which the Supreme Court held in *Johnson* was unconstitutionally vague. Porter contends that *Johnson*'s holding, though addressed specifically to the ACCA's residual clause, extends to the Sentencing Guidelines and that, under *Johnson*, the career offender guideline's residual clause is also void for vagueness.

The district court sentenced Porter as a career offender based on his 1997 Alabama conviction for unlawful distribution of a controlled substance and his 1998 Alabama conviction for second-degree escape. Porter objected to use of his second-degree escape conviction as a qualifying crime of violence for career offender purposes, arguing that his offense conduct for that conviction involved a non-violent walk-away from a jail and thus did not present a serious potential risk of physical injury to another as provided in the career offender guideline. Doc. No. 13-3 at 7–9. The district court considered this objection at Porter's June 6, 2013 sentencing hearing. After considering the arguments of Porter's counsel and the government, the district court overruled Porter's objection to use of his second-degree escape conviction for career offender purposes. *Id.* at 7–14. The district court looked to the Alabama statute and the charging document and found that Porter's

---

[4] The United States Sentencing Commission has recently eliminated the residual clause from the career offender guideline. *See* U.S.S.G. § 4B1.2(a) (2016). However, when Porter was sentenced, and at all times relevant to this § 2255 proceeding, the residual clause was part of the career offender guideline. *See, e.g.,* U.S.S.G. § 4B1.2(a)(2) (2012).

(continued…)

11

second-degree escape conviction under § 13A-10-32, Ala. Code 1975, was a crime of violence under the career offender guideline.[5] In so doing, the district court relied on the Eleventh Circuit's decision in *United States v. Proch*, 637 F.3d 1262 (11th Cir. 2011), finding the reasoning in that case controlling in Porter's case, specifically, that an escape from a penal facility "presents a serious potential risk of physical injury to others, both to law enforcement officers who pursue the escapee and to innocent third parties, as well as to the escapee himself." Doc. No. 13-3 at 13–14. In *Proch*, the Eleventh Circuit found that an escape under a Florida statute encompassing escape from a penal facility was a violent felony for purposes of the ACCA's residual clause because it presented a serious potential risk of physical injury to another. *See* 637 F.3d at 1268–69.

In Porter's case the district court found that Porter's conviction for second-degree escape conviction constituted a crime of violence under the career offender guideline's residual clause. Porter contends that *Johnson*'s holding invalidating the ACCA's residual clause as void for vagueness extends to the career offender guideline's residual clause and that, therefore, the district court could not consider his second-degree escape conviction as a qualifying crime of violence for purposes of the career offender enhancement. According to Porter, *Johnson* applies to invalidate his sentence as a career offender.

Porter's argument is foreclosed by the Supreme Court's recent holding in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court concluded that the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process

---

[5] Section 13A-10-32, Ala. Code 1975, provides that "[a] person commits the crime of escape in the second degree if he escapes or attempts to escape from a penal facility." 13A-10-32(a), Ala. Code 1975.

Clause.  More specifically, the Court held that *Johnson*'s vagueness holding does not apply to the residual clause provision in the career offender guideline—the provision under which the district court used Porter's second-degree escape conviction to enhance Porter's sentence.  *See Beckles*, 137 S. Ct. at 892–96.

*Beckles* forecloses Porter's argument that he is entitled to § 2255 relief under *Johnson*.  There was nothing unconstitutional about the district court's using the career offender guideline's residual clause to find Porter's second-degree escape conviction was a crime of violence and to increase his guideline sentencing range accordingly.  In view of *Beckles*'s holding that *Johnson* does not apply to the career offender provisions of the Sentencing Guidelines, Porter is entitled to no relief on this claim.[6]

### C.   September 2017 Amendment

On September 7, 2017, Porter amended his § 2255 motion to add claims that his trial counsel was ineffective for (1) advising him that the appeal/collateral attack waiver in his plea agreement was only boilerplate language that would not prevent him from challenging his status as a career offender in appellate and collateral proceedings, and (2) failing to cite *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), to support his argument at sentencing that the offense conduct underlying his conviction for second-degree escape involved a non-violent walk-away

---

[6] As indicated supra in this Recommendation, Porter's trial counsel could not be ineffective for failing to anticipate a change in the law by not asserting an objection based on *Johnson*.  Moreover, as also discussed above, an objection premised on an argument that *Johnson*'s rationale applies to the career offender guideline would have been without merit.

(continued…)

from a jail and did not present a serious potential risk of physical injury to another, and thus was not a crime of violence for purposes of the career offender guideline. Doc. No. 31 at 13–26. The government argues that Porter's new claims are time-barred under the one-year limitation period in 28 U.S.C. § 2255(f).[7] Doc. No. 34 at 3–7. This court agrees.

As a general rule a § 2255 motion, and all claims for relief under § 2255, must be filed within a year of the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1).[8] Regarding this limitation period, the Supreme Court has stated that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The time for seeking certiorari review in the Supreme Court expires 90 days after entry of judgment by the appellate court. *See* Rule

---

[7] The timeliness of a § 2255 motion is governed by 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[8] Porter sets forth no facts or argument to establish that he may use 28 U.S.C. § 2255(f)(2), (3), or (4) as a triggering event for limitations purposes for the claims in his amendment. *See* 28 U.S.C. § 2255(f)(2)–(4).

13, Rules of the Supreme Court of the United States.  Porter's direct appeal was decided by the Eleventh Circuit on November 7, 2014.  Ninety days from that date is February 5, 2015.  Therefore, any motion or claim by Porter seeking relief under § 2255 must have been filed by February 5, 2016.  Porter's § 2255 motion was timely filed on October 27, 2015.  However, Porter filed the amendment to his § 2255 motion on September 7, 2017—580 days after expiration of the limitation period in § 2255(f)(1).

The Federal Rules of Civil Procedure provide for the relation back of amendments filed after the running of a period of limitation in certain circumstances.  Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  *See* Fed.R.Civ.P. 15(c)(2).  "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed."  *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).  However, "Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts."  *Pruitt v. United States,* 274 F.3d 1315, 1317 (11th Cir. 2001).  This is so the government has sufficient notice of the facts and claims giving rise to the proposed amendment.  *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002) (quoting *Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000)).  An untimely amendment to a § 2255 motion does not relate back to the date of the original motion where it "seek[s] to add a new claim or to insert a new theory into the case."  *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001)

(emphasis omitted). It is not sufficient for an untimely amendment merely to assert the same general type of legal claim as in the original § 2255 motion. *See United States v. Craycraft*, 167 F.3d 451, 456–57 (8th Cir. 1999) (holding that an untimely claim of ineffective assistance of counsel for not filing an appeal did not relate back to timely ineffective assistance claims for not pursuing a downward departure, not raising an objection at trial, and not challenging a prior conviction).

    Here, Porter's new claims of ineffective assistance of trial counsel bear no legal or factual relationship to his earlier claims (Grounds One & Two of the § 2255 motion) and seek to insert new theories of relief into the § 2255 action. No claim in Porter's timely § 2255 motion bears remotely on his new claim that his trial counsel was ineffective for advising him that the appeal/collateral attack waiver in his plea agreement was only boilerplate language that would not prevent him from challenging his status as a career offender in appellate and collateral proceedings. And Porter's claims in his § 2255 motion regarding *Johnson*'s purported effect on the constitutionality of the career offender guideline's residual clause (Ground Two of the § 2255 motion) are premised on a completely different theory from the theory underlying his new claim that his trial counsel was ineffective for failing to cite *Begay* and *Chambers* to support his argument at sentencing that the offense conduct underlying his conviction for second-degree escape did not present a serious potential risk of physical injury to another and thus was not a crime of violence for purposes of the career offender guideline. The claims in Ground Two of Porter's § 2255 motion are premised on an argument that the career offender guideline's residual clause is void for vagueness after *Johnson*. Porter's new claim, as alleged in his

16

untimely amendment, is premised on an argument that, had trial counsel cited *Begay* and *Chambers* at sentencing, the district court would not, and could not, have found Porter's second-degree escape conviction to be based on conduct presenting a serious potential risk of physical injury for purposes of the (presumably valid) residual clause in the career offender guideline. This new claim is not premised on the holding in (and effect of) *Johnson*, upon which the claims in Ground Two of Porter's § 2255 motion are entirely based.

Because the claims in Porter's amendment do not relate back under Rule 15(c) to claims in the original and timely § 2255 motion, the new claims are time-barred from review under § 2255's one-year limitation period. *See Farris v. United States*, 333 F.3d 1211, 1215–16 (11th Cir. 2003); *Pruitt,* 274 F.3d at 1319.

### III.   CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Porter be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **May 7, 2018**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and

factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

    Done this 19th day of April, 2018.

                                    /s/Terry F. Moorer
                                    TERRY F. MOORER
                                    UNITED STATES MAGISTRATE JUDGE