IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM PORTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:15-CV-790-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

On April 4, 2018, the Magistrate Judge filed a Recommendation that William Porter's 28 U.S.C. § 2255 motion and subsequent amendment be dismissed with prejudice. (Doc. # 39.) On May 7, 2018, Petitioner William Porter filed objections. (Doc. # 40.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b). For the following reasons, the objections are OVERRULED and the recommendation is ADOPTED.

## **I. DISCUSSION**

Through counsel, Porter objects to the Recommendation that his § 2255 motion and subsequent amendment be denied and dismissed. Counsel reargues the claims presented in Porter's § 2255 motion and in his later amendment. Those claims are (1) that Porter's trial counsel was constitutionally ineffective in failing to

advise him that he could be sentenced as a career offender under the guidelines, and (2) that trial counsel was constitutionally ineffective for failing to object to the residual clause of the career offender enhancement as void for vagueness. The amendment to Porter's § 2255 motion added claims that his trial counsel was ineffective for (1) advising him that the appeal/collateral attack waiver in his plea agreement was only boilerplate language that would not prevent him from challenging his status as a career offender in appellate and collateral proceedings, and (2) failing to cite *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), to support his argument at sentencing that the offense conduct underlying his conviction for second-degree escape was not a crime of violence for purposes of the career offender guideline.

### A. Counsel's Advice Regarding Career Offender Enhancement

In his initial § 2255 motion, Porter maintains that he entered his guilty plea and original plea agreement without being informed by his trial counsel that the career offender enhancement could be applied to him. He also alleges that his counsel led him to falsely believe he could avoid application of the career offender enhancement by waiving completion of a presentence investigation report (PSI) and immediately executing a plea agreement. Porter also maintains that even after he entered an amended plea agreement, because of counsel's inadequate advice, he did not understand he could be sentenced as a career offender.

As correctly stated in the Magistrate Judge's Recommendation, Porter can demonstrate no *Strickland* prejudice resulting from his trial counsel's inadequate advice regarding the career offender enhancement because the record demonstrates he was well aware the enhancement could apply. The addendum to the original plea agreement specifically contemplated the possibility that the career offender enhancement could apply, (Doc. # 4-5, at 4), and Porter's counsel argued at sentencing that it should not. (Doc. # 4-5, at 5.) When the district court rejected the original plea, it gave Porter an opportunity to withdraw it, and advised him that the court "may dispose of the case less favorably toward [Porter]" than the plea agreement contemplated. (Doc. # 11-4, at 6.) Yet, Porter chose to stand by his decision to plead guilty and accepted an amended plea agreement. The amended plea agreement under which Porter ultimately pleaded guilty contained the same terms as the original, except that the parties agreed that the appropriate sentence was one within the applicable guidelines range as determined by the district court at sentencing. (Doc. # 11-5.) At the second sentencing hearing, Porter's counsel — at Porter's request — again objected to application of the career offender enhancement. (Doc. # 13-3, at 3, 7-9.) Because the record makes plain that Porter knew during both plea negotiations he could be sentenced as a career offender, Porter cannot establish *Strickland* prejudice based on his counsel's failure to inform him of that possibility.

Moreover, the Magistrate Judge advised Porter of the sentencing possibilities during the plea colloquy, undermining his claim that trial counsel's misadvice was prejudicial. *See United States v. Wilson*, 245 F. App'x 10, 11-12 (11th Cir. 2007) ("During the plea colloquy, the district court itself explained to Wilson—in detail—the consequences of the plea agreement, range of punishment, and sentencing contingencies before accepting Wilson's guilty plea. Thus, any failure on the part of Wilson's counsel to clearly explain the possible punishment was cured by the district court."); *United States v. Carter*, 688 F. App'x 595, 602 (11th Cir. 2017) ("Ms. Carter cannot now blame [her counsel] for allegedly misleading her when the district court asked her if she understood the parameters of her plea agreement and she answered in the affirmative."). In this case, Porter told the court he understood the maximum possible sentence for his offense, (Doc. # 11-3, at 6-7), that the advisory guidelines range could not be calculated until after the PSI had been completed, and that the district court could impose a sentence greater or lesser than the guidelines range. (Doc. # 11-3, at 13). Since he was on notice of all of the sentencing contingencies, Porter cannot establish that he was prejudiced by his counsel's failure to advise him of the application of the career offender guideline.[1]

---

[1] For the same reason, Porter cannot argue his counsel was constitutionally ineffective because he mistakenly told Porter that he could avoid application of the career offender enhancement by waiving completion of the PSI and immediately executing a plea agreement. As demonstrated above, Porter was clearly aware that the proper sentence could not be calculated until after completion of the PSI and that he could be subject to the career offender enhancement.

## B. The Career Offender Guideline and *Johnson*[2]

In his initial § 2255 motion, Porter asserts two grounds for relief based on the purported vagueness of the career offender guideline. The first he frames as an ineffective assistance claim based on trial counsel's failure to argue that the career offender guideline is unconstitutionally vague. The second is framed as a substantive claim that, following *Johnson*, Porter's sentence was improperly enhanced because the career offender guideline is unconstitutionally vague. His first argument is unavailing because *Johnson* was decided well after Porter's sentencing, and counsel cannot be deemed ineffective for failing to anticipate such a change in the law. *See Denson v. United States*, 804 F.3d 1339, 1344 (11th Cir. 2015) ("Trial counsel is not required to make argument or raise objections based on predictions as to how the law may develop."). His second argument is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the sentencing guidelines are not subject to vagueness challenges.[3] Porter is therefore not entitled to relief on either of these grounds.

---

[2] Porter's amended § 2255 motion argues that the career offender enhancement does not apply to him because his conviction of second-degree escape is not a "crime of violence" under U.S.S.G. § 4B1.1(a). But Porter already raised this issue on direct appeal, and the Eleventh Circuit held that it was barred by the valid appeal/collateral attack waiver in his plea agreement. *United States v. Porter*, 591 F App'x 724, 724-25 (11th Cir. 2014). Accordingly, the court declines to address the merits of this claim.

[3] In his Objections, Porter acknowledges that the Recommendation correctly found that his vagueness challenge is foreclosed by *Beckles*. (Doc. # 40, at 29.).

## C. Amendment to § 2255 Motion

Porter amended his initial § 2255 motion to add claims that his counsel was ineffective for (1) advising him that the appeal/collateral attack waiver in his plea agreement was only boilerplate language that would not prevent him from challenging his status as a career offender in appellate and collateral proceedings, and (2) failing to cite *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), to support his argument at sentencing that his conviction for second-degree escape was not a crime of violence for purposes of the career offender guideline. As both parties acknowledge, this amendment was untimely. Therefore, unless these new claims relate back under Federal Rule of Civil Procedure 15(c), they are barred by the one-year time limitation of § 2255(f).

The Recommendation correctly concluded that these new claims bear no legal or factual relationship to Porter's earlier claims and instead seek to insert new theories of relief. In order for an amendment to a § 2255 motion to relate back under Rule 15(c), "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). "Instead, in order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate

occurrence in both time and type." *Id.* (internal quotations omitted). The Eleventh Circuit "concluded in *Davenport* that new claims alleging different trial errors were not part of the same course of conduct, and, as such, did not relate back to the date of the appellant's timely filed § 2255 motion." *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003).

Here, Porter alleges new trial errors that were not part of the same course of conduct as his original claims. In his initial § 2255 motion, Porter argued that his counsel was constitutionally deficient for: (1) not advising Porter that he could potentially be subject to the career offender enhancement; and (2) not objecting to the residual clause as unconstitutionally vague. Porter's new claims are premised on ineffective assistance regarding: (1) counsel's misadvice with respect to the appeal/collateral attack waiver; and (2) counsel's failure to cite *Begay* and *Chambers* in objecting to the application of the career offender enhancement.

The Recommendation correctly found that counsel's misadvice with respect to the appeal/collateral attack waiver is based on an entirely different set of facts than counsel's alleged errors with respect to the career offender enhancement. Accordingly, the ineffective assistance claim based on counsel's representations regarding the appeal/collateral attack waiver does not relate back and is therefore time-barred.

The Recommendation also correctly found that the ineffective assistance claim based on counsel's failure to cite *Begay* and *Chambers* at sentencing does not relate back. This argument is based on trial counsel's conduct in *arguing to the court* that the career offender enhancement should not apply. It bears no factual relationship to the claim that, *in advising Porter*, his trial counsel did not inform him that he was potentially subject to the enhancement. Moreover, trial counsel's conduct in arguing that the enhancement *does not apply to Porter* is based on separate conduct from trial counsel's alleged failure to object to the enhancement as *wholly unconstitutional*. Porter attempts to gloss over these distinct courses of conduct by arguing that his amendment "arises from the same conduct and occurrences—trial counsel's representations to Mr. Porter during the plea process regarding the career offender enhancement—upon which his original ineffective assistance claim was based." (Doc. # 40, at 30.) But as the Eleventh Circuit has stated, "the mere fact that [the new claims] arose out of the same . . . sentencing proceedings" is not enough to support an untimely amendment. *Davenport*, 217 F.3d at 1344. Because the claims in Porter's amendment do not relate back under Rule 15(c) to claims in the timely § 2255 motion, the new claims are time-barred under § 2255(f).

Accordingly, it is ORDERED as follows:

1. Porter's objection (Doc. # 40) is OVERRULED;

2. The Recommendation (Doc. # 39) is ADOPTED;

3. Porter's 28 U.S.C. § 2255 motion and amended § 2255 motion are DENIED; and

4. This action is DISMISSED with prejudice.

A separate final judgment will be entered.

DONE this 10th day of October, 2018.

                                        /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE